**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| YOLANDA PARRA-DIEGO, | No. 12-73491 |
| Petitioner, | Agency No. A078-166-442 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 13, 2014[**]

Before:     CLIFTON, BEA, and WATFORD, Circuit Judges.

Yolanda Parra-Diego, a native and citizen of Mexico, petitions for review of

the Board of Immigration Appeals' order dismissing her appeal from an

immigration judge's decision denying her application for asylum and withholding

of removal.  We have jurisdiction under 8 U.S.C. § 1252.  We review for

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

substantial evidence factual findings, *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006), and we deny the petition for review.

Even if Parra-Diego timely filed her application for asylum, substantial evidence supports the agency's finding that she failed to establish past persecution. *See Gonzalez-Medina v. Holder*, 641 F.3d 333, 338 (9th Cir. 2011) (persecution must have occurred in the proposed country of removal). We reject Parra-Diego's contention that *Gonzalez-Medina* was wrongly decided. Substantial evidence also supports the agency's finding that Parra-Diego did not demonstrate a well-founded future fear on account of a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1015-16 (9th Cir. 2010) (the desire to be free from criminal harassment and violence is not a nexus to a protected ground); *Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir. 2003) (future harm was speculative); *cf. Canales-Vargas v. Gonzales*, 441 F.3d 739, 745 (9th Cir. 2006) (escalating threats gave the petitioner a well-founded fear of future persecution). Thus, Parra-Diego's asylum claim fails.

Because Parra-Diego failed to meet the lower burden of proof for asylum, it follows that she has not met the higher standard for withholding of removal. *See Zehatye*, 453 F.3d at 1190.

**PETITION FOR REVIEW DENIED.**

12-73491